Filed 8/16/24  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN FITZGERALD WILLIAMS,<br><br>    Defendant and Appellant. | F087269<br><br>(Super. Ct. No. BF123070B)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

Defendant John Fitzgerald Williams was convicted of dozens of crimes in connection with a casino robbery he carried out with several accomplices, and a plan to rob the casino another time. Those convictions have been the subject of several appeals to this court, the most recent of which resulted in a reversal of his gang-related convictions and enhancements in light of changes wrought by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). (*People v. Williams* (F084882, June 29, 2023) [nonpub opn.] (*Williams*).) On remand, the prosecutor elected not to retry the gang-related convictions and enhancements, and defendant was resentenced.

Defendant contends the court committed sentencing error under Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), and the Attorney General agrees. We accept the concession, reverse the sentence, and remand the matter for resentencing.

## BACKGROUND[1]

Defendant Williams, along with several codefendants, was convicted of four counts of second-degree robbery (counts 1–4; Pen. Code, § 212.5, subd. (c)),[2] six counts of assault with a semiautomatic firearm (counts 5–7, 9–11; § 245, subd. (b)), five counts of assault with an assault weapon (counts 12–14, 16–17; § 245, subd. (a)(3)), two counts of transporting an assault weapon (counts 19, 24; former § 12280, subd. (a)(1); see § 30600), two counts of participating in a criminal street gang (counts 21, 28; § 186.22, subd. (a)), one count of conspiracy to commit assault with a semiautomatic firearm (count 22; § 182, subd. (a)(1)), one count of conspiracy to commit robbery (count 23; § 182, subd. (a)(1)), and one count of carrying a loaded firearm in public by a member of a criminal street gang (count 26; former § 12031, subd. (a)(2)(C)).

---

[1] The bulk of this section is taken from our opinion in *Williams*.

[2] All further undesignated statutory references are to the Penal Code unless otherwise stated.

The jury found that all these crimes were committed for the benefit of, or in association with, a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)) as alleged in the indictment, except the active gang participation counts (counts 21, 28) and the single count of possessing a loaded firearm by an active street gang member (count 26).

The jury also found that, as to the robbery counts, each defendant was a principal and at least one principal personally used a firearm as alleged in the indictment. (Former § 12022.53, subd. (e)(1).) The jury further found that a principal was armed during the commission of the two conspiracy counts. (Former § 12022, subd. (a).)

The jury found that defendant personally used a firearm during the commission of the six counts of assault with a semiautomatic firearm and the two counts of active participation in a criminal street gang. (Former § 12022.5, subd. (a).) (*People v. Bell* (2015) 241 Cal.App.4th 315, 323 (*Bell I*).)

In *Bell I*, this court reversed defendant's conviction for conspiracy to commit assault with a semiautomatic weapon (count 22), and conditionally reversed the remainder of defendants' convictions and enhancements pending further proceedings on defendant's plea of once in jeopardy. (*Bell I*, *supra*, 241 Cal.App.4th at pp. 361–362.) On remand, the trial court held the required proceedings and reinstated defendant's convictions (except count 22). (*People v. Bell* (2020) 47 Cal.App.5th 153, 177 (*Bell II*).) We mostly affirmed that ruling. (*Id.* at pp. 200–201.) However, we struck defendant's personal firearm use enhancement on count 28. (*Id.* at p. 200.) In a split decision, we also remanded for the court to consider its discretion under Senate Bill No. 620 (2017– 2018 Reg. Sess.) and Senate Bill No. 1393 (2017–2018 Reg. Sess.). (*Ibid.*)

The trial court resentenced defendant on August 3, 2022, to a total term of 39 years imprisonment. In *Williams*, we reversed the gang-related convictions and enhancements and remanded for the prosecutor to elect whether to retry the reversed convictions/enhancements and for resentencing.

3.

On remand, the prosecutor elected not to retry the reversed convictions/enhancements and defendant was resentenced to 29 years four months in prison on November 28, 2023. The court stated that it considered all factors in mitigation and aggravation that currently exist under the law. The court did not identify a specific aggravating factor for imposing the upper term on the firearm enhancement to count 11. Defendant appeals.

## DISCUSSION

### I. We Accept the Attorney General's Concession

#### A. *Additional Background*

On remand from *Williams*, the court resentenced defendant to 29 years four months in prison as follows: six years on count 11, plus 10 years for the firearm enhancement attached to that count (§ 12022.5, subd.(a)); plus consecutive one year terms on counts 1 through 4, inclusive; plus two years on count 5, plus a consecutive term of three years four months on the firearm enhancement attached to that count (§ 12022.5, subd. (a)); plus concurrent terms of six years on counts 6, 7, 9, 10, plus 10-year terms for the firearm enhancements attached to each of those counts (§ 12022.5, subd. (a)); plus a consecutive term of two years eight months on count 12; plus stayed (§ 654) terms of eight years on counts 13, 14, 16, 17; plus a stayed (§ 654) term of six years on count 19; plus a consecutive term of one year on count 23, plus four months for the enhancement attached to that count (§ 12022, subd. (a)(1)); plus a stayed (§ 654) term of six years on count 24.

As outlined above, defendant's sentence included the upper term on the section 12022.5, subdivision (a) enhancement to count 11. Defendant contends this sentencing choice was error.

#### B. *Analysis*

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b) to make middle terms the presumptive sentence. (*People v. Berdoll* (2022)

4.

85 Cal.App.5th 159, 163.) " 'A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt.' " (*Ibid.*) Here, as the Attorney General acknowledges, no aggravating circumstances were found true by a factfinder. Consequently, we accept the concession that defendant must be resentenced.

On remand, the prosecution may again seek the upper term if it meets the requirements of section 1170. (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 928.) In any event, defendant is to be fully resentenced on remand, and the trial court may revisit all of its sentencing choices. (See *People v. Fuller* (2022) 83 Cal.App.5th 394, 400.)

## DISPOSITION

The sentence is reversed, and the matter is remanded. Defendant shall be fully resentenced in compliance with Senate Bill 567.